# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF WISCONSIN

JOSE VILLALOBOS-ORNELAS AND )
DOLORES MORA-SANCHEZ, )
      )
  Plaintiffs, )
      )
v. )           **Case No. 2:26-cv-945**
      )
ERIE INSURANCE COMPANY, )
      )
  Defendants, )
      )

## COMPLAINT

COME NOW, Plaintiffs, Jose Villalobos-Ornelas and Dolores Mora-Sanchez ("Plaintiffs"), by and through their undersigned attorneys, and for their causes of action against Defendant, Erie Insurance Company ("Defendant"), state and allege as follows:

## PARTIES

1.     At all times material hereto, Plaintiffs are individuals who reside in and are citizens of Milwaukee County, Wisconsin.

2.     Defendant is incorporated in Pennsylvania with its principal place of business in Erie, Pennsylvania.

3.     Defendant is authorized to transact insurance business in Wisconsin as a foreign insurance company.

## JURISDICTION AND VENUE

4.      This is an action for damages in excess of $75,000, excluding interest and costs.

5.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a).

6.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because the property that is the subject of this action is situated in this District.

7.      Plaintiffs own the property located at 2860 S. 13th Street, Milwaukee, WI 53215 ("the Property").

## FACTS

8.      In consideration for the premiums paid prior to October 9, 2024, Defendant issued a residential insurance policy for the Property bearing policy number Q55 6409119 ("the Policy") for the policy period from July 14, 2024, through July 14, 2025 ("the Policy Period"). A copy of the Policy is attached hereto and incorporated herein as Exhibit "A".

9.      The Policy reflected the parties' agreement, wherein Defendant agreed to make payment in the event of a covered loss, risk, and peril, in consideration for the premium paid by Plaintiffs.

10.     At all times material hereto, Plaintiffs timely paid, and Defendant accepted, consideration in the form of premium payments.

11.     On or about October 9, 2024 ("Date of Loss"), a fire caused substantial and severe damage to the Property.

12.     Plaintiffs promptly reported the loss to and filed a claim with Defendant.

13. Defendant acknowledged the claim and assigned claim number A00006268576 ("the Claim").

14. Defendant was afforded the opportunity to fully inspect the Claim, investigate the cause of the Claim, and quantify the amount of the Claim.

15. On or about February 24, 2025, Defendant issued a coverage determination and prepared an estimate valuing the loss at $337,442.10 ("Carrier Estimate"), an amount insufficient to restore the Property to its pre-loss condition.

16. Despite having information demonstrating the severity of the loss, Defendant failed to conduct a reasonable investigation and failed to include all necessary repairs in its estimate.

17. On or about June 2, 2025, due to Defendant's inadequate handling of the Claim, Plaintiffs retained a public adjuster, DR Claims, LLC, to assist in the presentation of their loss.

18. Beginning in June 2025, Plaintiffs, through their public adjuster, requested that Defendant provide a copy of the Policy and claim-related documents.

19. Defendant did not provide the requested Policy or claim documents in response to at least three requests made on or before July 24, 2025.

20. Before September 24, 2025, Plaintiffs, through their public adjuster, submitted detailed repair estimates totaling $577,919.56 (the "Estimates").

21. The Estimates describe repairs, remediation, construction, mitigation, cleaning, and other services that are necessary to remediate the damage caused by the fire and return the Property to its pre-loss condition.

22. The Policy requires any lawsuit for breach of contract to be filed within one year of the Date of Loss, in this case, the period expired on October 9, 2025.

23. As of October 2025, Defendant had not paid the amount necessary to repair the Property, had not provided the requested Policy or claim documents, and had not issued a coverage position addressing Plaintiffs' Estimates.

24. Between June and October 2025, Plaintiffs and their public adjuster attempted to communicate with Defendant by telephone and email regarding the status of the Claim, the requested documents, and payment of benefits.

25. During that period, Defendant failed to respond to multiple communications and did not provide substantive updates regarding its evaluation of the Claim.

26. On or about November 19, 2025—after multiple prior communications from Plaintiffs and after the expiration of the Policy's one-year contractual limitation period—Defendant issued a supplemental estimate of damages, without explanation for the delay or for its failure to provide this evaluation earlier.

27. Defendant represented on multiple occasions that additional payments would be issued, but did not issue those payments within a reasonable time.

28. Defendant's handling of the Claim—including its failure to timely provide requested documents, failure to respond to communications, failure to address Plaintiffs' Estimate, and delay in issuing promised payments—occurred despite its knowledge of the scope of the loss and the impending contractual suit limitation.

29. The loss occurred during the Policy Period and is covered under the Policy.

30. Plaintiffs have performed all of their duties and obligations under the Policy.

31.     All conditions precedent to coverage under the Policy have been performed, have occurred, and/or have been waived.

## COUNT I - BAD FAITH

32.     Plaintiffs adopt, re-allege, and incorporate by reference each of the foregoing paragraphs as though fully set forth herein.

33.     Under Wisconsin law, Defendant owed Plaintiffs a duty of good faith and fair dealing in the investigation, evaluation, and payment of the Claim.

34.     An insurance company is liable in bad faith when it has denied a claim without a reasonable basis. The test of the company's conduct in such claims is whether a reasonable insurer under the particular facts and circumstances would have denied or delayed payment of the claim. *Poling v. Wisconsin Physicians Serv.*, 120 Wis.2d 603, 608, 357 N.W.2d 293 (Ct. App. 1984), *citing Anderson v. Continental Ins. Co.*, 85 Wis.2d 675, 271 N.W.2d 368 (1978).

35.     Wisconsin's supreme court has said that it is well settled that if an insurer fails to deal in good faith with its insured by refusing, without proper cause, to compensate its insured for a loss covered by the policy, such conduct may give rise to a cause of action in tort for bad faith. *DeChant v. Monarch Life Ins. Co.*, 200 Wis.2d 559, 547 N.W.2d 592 (1996).

36.     This duty required Defendant to conduct a reasonable investigation, fairly evaluate the loss, timely communicate with Plaintiffs, and promptly pay benefits owed under the Policy.

37. Defendant lacked a reasonable basis to delay payment of the full amount of covered benefits in light of the information available to it, including:

a. its inspection of the Property;

b. its estimate acknowledging substantial fire damage; and

c. Plaintiffs' detailed Estimates totaling $577,919.56 identifying additional necessary repairs.

38. Despite receiving Plaintiffs' Estimates, Defendant did not issue a timely revised estimate, did not identify specific disagreements with Plaintiffs' scope of loss, and did not provide a substantive explanation for maintaining its prior valuation.

39. Defendant failed to provide a copy of the Policy and claim-related documents after multiple requests, including at least three requests made on or before July 24, 2025, thereby preventing Plaintiffs from evaluating Defendant's coverage position.

40. Between June and October 2025, Defendant failed to respond to multiple communications from Plaintiffs and their public adjuster and did not provide substantive updates regarding its evaluation of the Claim.

41. Defendant did not issue a supplemental estimate until November 19, 2025, after the expiration of the Policy's one-year contractual limitation period, and did not explain why that evaluation could not have been completed earlier.

42. Defendant represented that additional payments would be issued, but did not issue those payments within a reasonable time and did not provide an explanation for the delay.

43. Defendant's delay in evaluating the Claim and issuing additional payments occurred despite its knowledge of the scope of the loss and the impending suit limitation deadline.

44. Defendant knew, or recklessly disregarded, that its failure to timely evaluate the Claim, respond to communications, provide requested documents, and pay benefits lacked a reasonable basis.

45. As a direct and proximate result of Defendant's conduct, Plaintiffs have suffered damages, including:

    a. unpaid insurance benefits;

    b. additional costs and expenses incurred to pursue the Claim;

    c. delay-related damages associated with the inability to timely repair the Property; and

    d. other economic losses to be proven at trial.

46. Defendant's conduct was intentional or in reckless disregard of Plaintiffs' rights under the Policy, entitling Plaintiffs to recover compensatory damages and punitive damages as permitted under Wisconsin law.

47. Defendant has acted in bad faith since i) there is no reasonable basis for Defendant to deny Plaintiffs' claim for benefits under the policy; ii) Defendant knows of or recklessly disregarded the lack of a reasonable basis to deny benefits to Plaintiffs. *Brethorst v. Allstate*, 2011 WI 41, 334 Wis.2d 23, 798 N.W.2d 467, at ¶ 24.

48. Should Plaintiffs prevail in this action, Plaintiffs shall be entitled to interest.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment in their favor, and award the following relief:

49. General compensatory damages;

50. Consequential damages;

51. Bad faith damages including all extra-contractual damages permissible by law;

52. Pre/post-judgement Interest;

53. Costs incurred as a result of the instant litigation; and

54. Any such other and further relief as this Court deems just and appropriate

## DEMAND FOR JURY TRIAL

Demand is hereby made for trial by jury of all issues so triable, as a matter of right.

DATED: May 27th, 2026.

Respectfully submitted,

*/s/ Michael Yaakov Katz*
Michael Yaakov Katz, Esq.
Wisconsin Bar No. 1142404
INSURANCE LITIGATION GROUP, P.A.
1500 NE 162nd Street
North Miami Beach, FL 33162
Telephone: (786) 529-0090
Facsimile: 866-239-9520
E-Mail: mkatz@ilgpa.com;  service@ilgpa.com
*Counsel for Plaintiffs*